Slip Op. 07-164

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| MITTAL STEEL GALATI S.A., FORMERLY KNOWN AS ISPAT SIDEX S.A., <br><br>     Plaintiff, <br><br>     v. <br><br> UNITED STATES, <br><br>     Defendant, <br><br>     and, <br><br> IPSCO STEEL., INC. <br>     Defendant-Intervenor. | BEFORE: Pogue, Judge <br> Court No. 05-00311 |

**JUDGMENT**

[Defendant's remand determination affirmed]

                                       Decided: November 7, 2007

<u>Arent Fox Kintner Plotkin & Kahn</u> (<u>John M. Gurley</u>, <u>Nancy A. Noonan</u>) for Plaintiff.

<u>Peter D. Keisler</u>, Assistant Attorney General; <u>Jeanne E. Davidson</u>, Director, <u>Patricia M. McCarthy</u>, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (<u>David F. D'Allessandris</u>, Trial Attorney) for Defendant.

<u>Schagrin Associates</u> (<u>Roger B. Schagrin</u>) for Defendant-Intervenor.

    **Pogue, Judge:** In this action, on July 18, 2007, the court affirmed-in-part and remanded-in-part the final results of the

Ct. No. 05-00311 Page 2

2002-3 administrative review, conducted by the United States Commerce Department ("the Department" or "Commerce"), of the antidumping duty order on cut-to-length carbon steel plate from Romania. See <u>Mittal Steel Galati S.A. v. United States</u>, ___CIT___, 502 F. Supp. 2d 1295 (CIT 2007).[1] The matter now returns to the court following remand.

On remand, as directed by the court's remand order, Commerce reconsidered two decisions in the final results of the administrative review, specifically Commerce's decision to place a value on Mittal's recycled scrap and Commerce's selection of Filipino data as a surrogate value for limestone. Based on this reconsideration, Commerce, in its remand determination, revised its calculations to provide an offset for Mittal's recycled scrap and selected a different surrogate value for limestone. As a result of these changes, Commerce then recalculated Mittal's weighted-average margin for the period of review, reducing it from 13.5% to 7.29%. No party objects to Commerce's determination on these remanded issues,

---

[1] In its July 18 opinion, the court also rejected Plaintiff's facial challenge to Commerce's "15 Day Policy" under which the agency states its intent to issue liquidation instructions to U.S. Customs within 15 days of the publication of the final results of an administrative review. <u>Int'l Trade Comm'n, Dep't of Commerce, Announcement Concerning Issuance of Liquidation Instructions Reflecting Results of Administrative Reviews</u> (August 9, 2002), <u>available at</u> http://ia.ita.doc.gov/download/liquidation-announcement.html.

Ct. No. 05-00311                                                    Page 3

and it is clear to the court that the agency has complied with the court's remand order.

Nonetheless, Plaintiff, as in its original challenge to Commerce's 15-day policy, again asks that the court's judgment explicitly address certain liquidated entries that Plaintiff has protested. At the same time, Plaintiff does not seek affirmative injunctive or mandamus relief with regard to these entries, arguing that such relief is unnecessary because Plaintiff's protests have prevented the liquidations at issue from becoming final. See Pl.'s Comments on Remand Results at 5 ("With respect to the entries covered by Protests One, Two and Three 'final' liquidation has not yet occurred as a result of the importer's efforts to file timely protests and to commence a civil action for the denial of one such protest."). Plaintiff also makes no claim that its protest remedy is inadequate.

In the absence of any claim that Plaintiff's protest remedy is inadequate, or for extraordinary relief, the court need not reach this issue. There is nothing on the record here which indicates a need for action other than entry of judgment. Cf. Decca Hospitality Furnishings, LLC v. United States, ___CIT ___, 427 F.Supp.2d 1249, 1255 (2006)(construing

Ct. No. 05-00311                                                          Page 4

plaintiff's request to enforce judgment as a request for mandamus where the relief requested required direction of Customs' action).

Therefore, in accordance with the court's prior decision in this matter, and after considering all the papers and proceedings herein, it is hereby

ORDERED that Commerce's determination on remand in this action is hereby affirmed, and that, in accordance with 19 U.S.C. § 1516a(e), liquidation of any entries heretofore enjoined in this action be in accordance with the final results of this litigation, including any and all appeals.

                                               __/s/ Donald C. Pogue___
                                                 Donald C. Pogue, Judge


Dated:    November 7, 2007
          New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____    By: _____
                                      Deputy Clerk